| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| KATHERINE M. ROBINSON, | § | |
|---|---|---|
| Appellant, | § § § | |
| versus | § § | CIVIL ACTION NO. 4:12-CV-653 |
| MICHELLE H. CHOW, | § § § | |
| Appellee. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Appellee Michelle Chow's ("Chow"), Trustee for the Estates of Clovis L. Prince, Crown Project Management, Inc., and C. Prince & Associates Consulting, Inc., First Amended Motion to Dismiss Appeal Filed by Katherine Robinson ("Robinson") (#3). Chow seeks to dismiss Robinson's appeal from the United States Bankruptcy Court for the Eastern District of Texas's entry of final judgment in adversary proceeding No. 10-4214 (Bankr. E.D. Tex. Sept. 18, 2012). Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be granted and the appeal dismissed.

[form: appeal.late] Under Bankruptcy Rule 8002, a party seeking to appeal a bankruptcy court's judgment to a district court has fourteen days following entry of the judgment to file a notice of appeal with the bankruptcy clerk. FED. R. BANKR. P. 8002(a). Failure to file a timely notice of appeal deprives the district court of jurisdiction to consider the appeal. *In re Bayhi*, 528 F.3d 393, 401 (5th Cir. 2008). "Given its jurisdictional nature, this requirement cannot be waived." *Id.*

Rule 8002(c)(2) provides, however, that a party may seek an extension of time to file a notice of appeal by filing a written motion "before the time for filing a notice of appeal has expired." FED. R. BANKR. P. 8002(c)(2). Alternatively, the bankruptcy court may extend the time for filing a notice of appeal if a written request is filed within "21 days after the expiration of the time for filing a motion of appeal" and "upon a showing of excusable neglect." FED. R. BANKR. P. 8002(c)(2).

In this instance, Robinson's appeal must be dismissed, as her notice of appeal was not timely filed, and she has not made a written request for extension under Rule 8002(c)(2). The bankruptcy court entered final judgment in the adversary proceeding against Robinson on September 18, 2012. Twenty-two days later, on October 10, 2012, Robinson filed her notice of appeal. Robinson argues that the untimeliness of her appeal should be excused because Debtor Clovis Prince ("Prince"), her husband and non-party to the adversary proceeding, filed a notice of appeal within the 14-day period. This unsupported assertion, however, is without merit, and Prince's appeal was dismissed by the court's January 14, 2013, order. Furthermore, Robinson did not pay the prescribed fee as required by Rule 8001(a). *See* FED. R. BANKR. P. 8001(a) ("The notice of appeal shall . . . (3) be accompanied by the prescribed fee."). Although Robinson maintains that she requested clarification from the bankruptcy court regarding the fee owed and the timeliness of the appeal, the court was unable to find any such filing on the bankruptcy docket.

Accordingly, Robinson's appeal is DISMISSED.

SIGNED at Beaumont, Texas, this 30th day of January, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE